UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>              Plaintiff,<br><br>     v.<br><br>ALICE & OLIVIA CALIFORNIA HOLDINGS LLC,<br><br>              Defendant. | Case No.  21-cv-08106-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

      When Whitaker went to Alice & Olivia's clothing store, he encountered a "lounge table" that lacked sufficient knee or toe clearance for wheelchair users. Because Whitaker has not alleged that he was denied "full and equal enjoyment" of the store, his ADA claim is dismissed. The Court declines to exercise supplemental jurisdiction over Whitaker's Unruh Act claim, so the case is dismissed.

      1. In general, the sufficiency of ADA claims alleging physical barriers to access boils down to whether the plaintiff has identified a violation of federal guidance on accessible design standards. "If a particular architectural feature of a place of public accommodation is inconsistent with" the Attorney General's ADA Accessibility Guidelines, "a plaintiff can bring a civil action claiming that the feature constitutes a barrier that denies the plaintiff full and equal enjoyment of the premises in violation of the ADA." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011). In the absence of such a violation, however, the facility is generally considered "readily accessible to and usable by individuals with disabilities" and thus not in violation of the ADA.

*Id.*

Whitaker's only complaint against Alice & Olivia is the presence of a single "lounge table" that lacks knee and toe clearance. But the federal guidelines do not require that every table in a place of public accommodation be accessible. After all, many tables are not meant to provide seating to guests; some tables are purely decorative, while others simply provide a surface on which guests can place their belongings.

The only regulation that Whitaker points to in support of his argument that he was denied "full and equal enjoyment" of the store is a regulation concerning floor clearance. "Where space beneath [a table] is included as part of clear floor or ground space or turning space," the table must meet certain knee- and toe-clearance requirements. 36 C.F.R. Part 1191 Appendix D § 306. But Whitaker does not allege any floor-clearance problems; his sole complaint is that he was not able to "use" the table, not that the table impeded his ability to navigate the store. Therefore, at least on these allegations, the regulation is not implicated. *See Whitaker v. Ba&sh American Corp.*, 2021 WL 4353268, at *2 (C.D. Cal. July 26, 2021).

2. In addition to his ADA claim, Whitaker brings a claim under California's Unruh Act. Cal. Civ. Code § 51. Federal courts may decline to exercise supplemental jurisdiction over a claim "in exceptional circumstances," when "there are compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). The facts of this case—a frequent filer of ADA and Unruh Act claims seeking federal jurisdiction to circumvent California's procedural barriers to such suits—present the type of exceptional circumstances contemplated by section 1367(c)(4). *See Garcia v. Maciel*, 2022 WL 395316, at *2–5 (N.D. Cal. Feb. 9, 2022); *Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021). Therefore, the Court declines to exercise supplemental jurisdiction over Whitaker's Unruh Act claim.

\* \* \* \*

Whitaker's ADA claim is dismissed with leave to amend. His Unruh Act claim is dismissed without leave to amend, but without prejudice to refiling in state court. All deadlines and hearings are vacated, and any amended complaint is due within 14 days of this order. If no

complaint is filed, the Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: April 18, 2022

VINCE CHHABRIA
United States District Judge